Per Curiam.

The appellants list a total of 25 assignments of error to substantiate their request for a reversal of the commission order.
In their briefs and oral arguments counsel are in vehement and hopeless disagreement as to the facts disclosed by the nearly one thousand pages of the record and as to the conclusions to be drawn therefrom; and the majority and minority members of the commission are almost as vigorous in their conflicting views.
Illustrative of this disagreement is the issue of the sufficiency of the company earnings. The appellants assert that “since the undisputed evidence shows that before the increase in rates Ohio Edison enjoyed a sound and prosperous financial condition, experienced steadily increasing profits, attracted ample capital, paid regular and generous dividends, accumulated adequate surplus and set aside adequate amounts for depreciation, it follows that the rates before the increase produced a fair return. ’ ’
Diametrically contrary is the comment of the company that “this finding is based on solid, uncontradicted evidence of the value of the company’s property and of operating revenues and operating expenses.”
In the. minority opinion it is said that ‘ ‘ the economic position of the Ohio Edison Company as a whole is sound and it does not appear that it is in need of any financial relief at this time.”
*11 But in the majority opinion it is stated that “the .applicant’s existing rates are unjust and unreasonable and insufficient to provide a fair return to the applicant on the value of the property, as determined by the commission, used and useful in the rendition of electric service to its .industrial consumers, and that the rates proposed by the company are not unreasonable and are not excessive or unjustly discriminatory to the industrial consumers of applicant.”
A second illustration is the issue of allowance for the item of the federal excess profits tax which expired on December 31, 1953, while this controversy was being considered by the Public Utilities Commission.
In their brief the appellants charge that “without even considering the elements involved in this rate case, the company as a whole has received a completely separate and distinct net revenue windfall by ■ reason of the expiration of the excess profits tax law which is more than 79 per cent greater than it asked for in this rate case.”
In contradiction of this the company quotes several excerpts from the record and then observes that “the commission could not have indicated more clearly that it did, in fact, eliminate the excess profits tax as a recurring expense.”
A study of the long record discloses a similar situation with reference to the numerous other complaints of the appellants. As might be expected in a hotly contested controversy, such as this, there is a sharp conflict in the evidence, and in each instance there is some evidence to sustain the order of the Public Utilities Commission. Under these circumstances it is not the province of this court to substitute its judgment for that of the commission and hold that order unreasonable or unlawful.

Order affirmed.

Weygandt, C. J., Zimmerman, ■ Stewart and Bell, JJ., concur.
Taut, J., concurs in the judgment.
Matthias and Hart, JJ., not participating.